GAMBLE-ROBINSON COMPANY v. PENNSYLVANIA
RAILROAD COMPANY.
GAMBLE-ROBINSON COMPANY v. BALTIMORE & OHIO
RAILROAD COMPANY.
GAMBLE-ROBINSON COMPANY v. NEW YORK CENTRAL
RAILROAD COMPANY.[1]

December 7, 1923.

Nos. 23,742, 23,743, 23,744.

**Act of 1913, authorizing service of summons on foreign carrier, invalid.**
    1.   Following Davis v. Farmers Co-operative Eq. Com. 262 U. S. 213, 43 Sup. Ct. 556, 67 L. ed. 996, it is *held* that chapter 218, Laws 1913, embraced in section 7735, subsection 3, G. S. 1913, has no validity for any purpose.

[1]Reported in 196 N. W. 266.

**Court may not rewrite a statute to make it constitutional.**

2.   If possible, a statute will be construed so as to render it con-
stitutional, but a court may not virtually rewrite the text of the statute
in order to sustain it.

**Rule of separation inapplicable to 1913 act.**

3.   The rule permitting the severance of illegal from legal provisions
of a statute has no application to chapter 218, which contains but one
single indivisible provision.

**Such service of summons by delivery to soliciting agent unauthorized.**

4.   Aside from chapter 218, Laws 1913, service of a summons on
a foreign corporation by the delivery of a copy to an agent of the
corporation for the solicitation of freight and passenger traffic over
its lines outside this state, was not authorized by statute.

Three actions in the district court for Hennepin county to recover
damages for unreasonable delay in transportation of freight.   From
separate orders, Baldwin, J., quashing the attempted service of sum-
mons upon each defendant, plaintiff appealed.   Affirmed.

*J. R. Everett* and *Walter U. Hauser*, for appellant.

*Oppenheimer, Peterson, Dickson & Hodgson, George W. Peterson,
Brown & Guesmer, Edwin C. Brown, Mitchell, Doherty, Rumble, Bunn
& Butler* and *Charles Bunn*, for respondents.

LEES, C.

These appeals are from orders of the district court of Hennepin
county setting aside an attempted service of the summons in three
actions in which the railroad companies who are the respondents
herein were severally made defendants.   In each instance service
was made pursuant to that portion of section 7735, subsection 3, G.
S. 1913, which reads:

"Any foreign corporation having an agent in this state for the
solicitation of freight and passenger traffic, or either thereof over
its lines outside of this state, may be served with summons by
delivering a copy thereof to such agent."

Each of the respondents is a foreign railway corporation.   None
of them is authorized to do business, or owns or operates any line of

railroad within this state, or owns any property in the state except office equipment and rolling stock passing from time to time through the state in interstate commerce. Respondents have never authorized anyone within the state to receive service of process and have not consented to service of a summons in this state. They are not doing and have not done any business in Minnesota and have no agent or representative here except soliciting agents. The authority of such agents is limited to the solicitation of freight shipments in interstate commerce over respondents' lines outside the state, and that is all their agents have done. They did not solicit the particular shipments involved in these appeals.

Plaintiff is a corporation organized under and by virtue of the laws of this state. In each case its cause of action is based on the following state of facts: It purchased sugar in the eastern markets, to be transported to Minneapolis. A portion of the sugar was delivered to each of the respondents for transportation over its own lines and thence by the lines of connecting carriers to Minneapolis. Bills of lading were issued by the carrier companies, but the record does not contain them and the names of the consignor and consignee are not disclosed.

In its complaints appellant alleged that there was unreasonable delay in the transportation of the sugar; that while it was in transit the market price was falling, and, as a result, appellant suffered a considerable loss, which it sought to recover. Respondents assert that the order of the district court must be affirmed because these cases are ruled by Davis v. Farmers' Co-oper. Equity Co. 262 U. S. 312, 43 Sup. Ct. 556, 67 L. ed. 996. On the other hand, appellant asserts that the Davis case has no application because the transaction out of which the present causes of action arose was entered upon within this state and because, when it arose, appellant was and still is a citizen of this state.

In the Davis case the court said the only question for decision was whether chapter 218, p. 274, Laws 1913, as construed and applied by this court, violated the Federal Constitution; that the transaction involved was in no way connected with Minnesota or with the soliciting agency located therein; that the statute, as construed

by this court, compels every foreign interstate carrier to submit to suit in Minnesota as a condition of maintaining a soliciting agent within the state; that jurisdiction was not limited to suits arising out of business transacted within Minnesota, but might be asserted whatever the nature of the cause of action, wherever it may have arisen and although the plaintiff was not and never had been a resident of the state. It was held that this condition imposed upon interstate commerce an unreasonable burden which rendered the statute obnoxious to the commerce clause of the Federal Constitution; that the orderly, effective administration of justice does not require a foreign carrier to submit to a suit in a state in which the cause of action did not arise, in which the transaction giving rise to it was not entered upon, in which the carrier neither owns nor operates a railroad, and in which the plaintiff does not reside. It was said [262 U. S. 317] that

"Avoidance of waste, in interstate transportation, as well as maintenance of service, have become a direct concern of the public. With these ends, the Minnesota statute, as here applied, unduly interferes. By requiring from interstate carriers general submission to suit, it unreasonably obstructs, and unduly burdens, interstate commerce."

In the portion of the opinion upon which appellant relies it was said in effect that it may be that a statute like chapter 218 would be valid although applied to suits in which the cause of action arose elsewhere, if the transaction out of which it arose had been entered upon within the state, or if the plaintiff was, when it arose, a resident of the state, and that these questions were not before the court and no opinion was expressed thereon.

To sustain the statute, if it can be sustained at all, its application must be greatly limited. It would be necessary to construe it as though the legislature had said that the purpose of the act was to permit service of process by the delivery of a copy of the summons to a soliciting agent of a foreign railroad company, only in case plaintiff's cause of action arose from a transaction entered upon in this state, or in case plaintiff was a resident of this state when it arose. That would be judicial legislation rather than judicial construction of a statute. If it is possible to do so, it is the duty

of the court to construe a statute so as to render it constitutional, but that is quite a different thing from virtually rewriting the text of an unambiguous statute in order to reconcile it with a constitutional mandate. The Employers' Liability Cases, 207 U. S. 463, 501, 28 Sup. Ct. 141, 52 L. ed. 297; Fitz v. Minn. Cent. Ry. Co. 11 Minn. 304, 311 (414).

Neither is it permissible to apply to this statute the rule that, where one provision is constitutional and another is not, the court may sever the legal from the illegal provision in order to save the statute. This rule is confined to statutes containing divisible provisions, and even then it will not be applied unless it is plain that the legislature would have enacted the statute with the unconstitutional provision eliminated. In this connection the language of the court in Butts v. Merchants & Miners Transp. Co. 230 U. S. 126, 133, 33 Sup. Ct. 964, 965, 57 L. ed. 1422, is pertinent. Speaking of a statute of which the greater part was in excess of the power of Congress, the court said that it appeared that

"Congress proceeded upon the assumption that it could legislate * * * in respect of all persons and all places 'within the jurisdiction of the United States.' * * * Its manifest purpose was to enact a law which would have an uniform operation wherever the jurisdiction of the United States extended. But the assumption was erroneous, and for that reason the purpose failed. * * * But how can the manifest purpose to establish an uniform law for the entire jurisdiction of the United States be converted into a purpose to create a law for only a small fraction of that jurisdiction? How can the use of general terms denoting an intention to enact a law which should be applicable alike in all places within that jurisdiction be said to indicate a purpose to make a law which should be applicable to a minor part of that jurisdiction and inapplicable to the major part?"

Chapter 218 is not a mixture of valid and invalid provisions capable of separation, and there is no reason to suppose that the legislature would have enacted it had it been known that its scope must be limited to the class of cases it may possibly cover in view of the ruling in the Davis case. The Supreme Court has unreservedly con-

demned the act, holding that it violates the Federal Constitution. When a court having final jurisdiction to determine whether a legislative act is in contravention of a constitutional provision holds that it is, there is an end of the matter. Such a statute is not a law. It is as inoperative as if it had never been enacted. It confers no rights, imposes no duties, and affords no protection. It cannot make valid a service of process which would be invalid but for the statute. Minn. Sugar Co. v. Iverson, 91 Minn. 30, 40, 97 N. W. 454; Gove v. County of Murray, 147 Minn. 24, 179. N. W. 569; Norton v. Shelby County, 118 U. S. 425-442, 6 Sup. Ct. 1121, 30 L. ed. 178; Chicago, I. & L. Ry. Co. v. Hackett, 228 U. S. 559, 566, 33 Sup. Ct. 581, 57 L. ed. 966.

In the cases now before us the validity of the service depends entirely upon the validity of chapter 218 for, prior to its enactment, there could be no valid service of process upon a foreign corporation under the circumstances existing when appellant attempted to make the service in question. In North Wis. Cattle Co. v. Oregon Short Line R. Co. 105 Minn. 198, 117 N. W. 391, it was held that Revised Laws 1905, § 4109, subdivision 3, now part of section 7735, G. S. 1913, authorizing service of summons on a foreign corporation by delivering a copy thereof to any of its agents within the state, did not permit such service to be made upon an agent soliciting passenger and freight traffic within this state. It was held that soliciting traffic to be routed over the lines of a foreign railroad company, none of which were in this state, was not doing business in the state within the meaning of the statute then in effect and Green v. Chicago, B. & Q. Ry. Co. 205 U. S. 530, 27 Sup. Ct. 595, 51 L. ed. 916, was followed. In that case the activities of the company were confined to the solicitation of business, and the court held that this was not enough to bring the company within the eastern district of Pennsylvania where the business was solicited so as to subject the company to the service of the process of the United States circuit court for that district. We hold that the service attempted to be made in the instant cases was invalid and that the court properly set the attempted service aside.

Orders affirmed.