# H. ROSENBLET v. PERE MARQUETTE RAILWAY COMPANY.[1]

February 6, 1925.

No. 24,330.

**Property of railroad having no road in Minnesota is subject to attachment in action founded on delay in shipment.**

The property of a foreign railroad company operating no line of railroad in this state is not immune to attachment of its property used in interstate commerce, where the plaintiff is a resident of this state and the cause of action against such company is for damages on account of delay in the transportation into this state of a carload of apples, received for shipment by said railroad company as the initial carrier.

*Headnote  See Commerce, 12 C. J. p. 119, § 167 (1926 Anno).

Action in the district court for Hennepin county. From an order, Salmon, J., denying its motion to set aside the service of summons and denying its motion to vacate the attachment proceedings, defendant appealed. Affirmed.

*A. C. Erdall* and *Williams, Shields & Seaton*, for appellant.

*G. H. Smith*, for respondent.

HOLT, J.

Defendant appeared specially and moved to set aside the attachment proceedings by which plaintiff sought to enforce against it a claim for damages on account of delay in the transportation of a carload of apples. Defendant is a foreign railroad corporation operating no railroad in or to this state. From the order denying the motion defendant appeals.

There was an attempt to obtain jurisdiction of defendant by serving the summons upon its soliciting freight agent who maintains an office in Minneapolis. This was ineffectual for the statute (subdivision 3, § 7735, G. S. 1913), authorizing such service was

[1]Reported in 202 N. W. 56.

held void in Gamble-Robinson Co. v. Pennsylvania R. Co. 157 Minn. 306, 196 N. W. 266, thereto impelled by the decision in Davis v. Farmers Co-operative Eq. Co. 262 U. S. 312, 13 Sup. Ct. 556, 57 L. ed. 996. We are asked by respondent to hold that the soliciting agent of defendant is its freight agent upon whom service may be made according to section 7736. But this we cannot do, for the reason that defendant is not doing business within this state other than such interstate commerce business as is done by a soliciting freight agent, and which it may do without submitting itself to the jurisdiction of our courts, as held in the Davis case, supra.

It appears that defendant had property in this state, namely, the office furniture in the office maintained for the soliciting freight agent, and this was attached. No claim is made of any irregularity in the attachment proceeding. Hence, under our statute, jurisdiction has unquestionably been acquired of defendant to the extent of the value of the property attached, provided it is subject to attachment. This presents the sole question in the appeal.

The contention of defendant is that, since it is permissible in the interest of interstate commerce for a foreign common carrier to maintain its soliciting agent in this state without thereby subjecting it to the jurisdiction of our courts through service upon such agent, the office furniture, necessarily used by such agent, must also partake of such use in interstate commerce that any interference therewith unreasonably burdens or interferes with such commerce. That property is used in interstate commerce does not render it immune from seizure by attachment or garnishment was settled in Davis v. Cleveland, C. C. & St. L. Ry. Co. 217 U. S. 157, 30 Sup. Ct. 463, 54 L. ed. 708, 27 L. R. A. (N. S.) 823, 18 Ann. Cas. 907. But the use of such means of reaching a foreign carrier engaged in interstate commerce may or may not be a wrongful interference, depending upon the circumstances of the case. Defendant's railroad extends from a point in Michigan to Chicago, Illinois. It was the initial carrier, accepting this carload of apples for shipment to Chicago, Illinois, and issued a bill of lading under which the shipper had the privilege of reconsigning the shipment and paying the additional freight. He availed himself thereof and recon-

signed the car to plaintiff to be delivered at Winona, this state, his place of residence. The apples were carried and delivered to him at Winona, and the damages claimed in this action are for delayed delivery. This cause of action accrued in this state to a consignee of the shipment residing herein, and for which defendant is liable as initial carrier under the Carmack amendment. The use of the writ of attachment to acquire jurisdiction of property of defendant to satisfy this cause of action cannot be a wrongful interference with interstate commerce. With more propriety it may be said to be a proper use by the owner of property so transported to obtain redress against the wrongful acts of the carrier transporting the same. This was the conclusion of the supreme court of Missouri in an exhaustive opinion in State v. Taylor, 298 Mo. 474, 251 S. W. 383. On certiorari to the Federal Supreme Court the decision was affirmed November 17, 1924 [266 U. S. 200, 45 Sup. Ct. 47, 69 L. ed. 78], holding that the attachment, under circumstances substantially the same as here, did not unreasonably burden interstate commerce.

The order is affirmed.