## E. BERNIER & SONS v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

February 15, 1929.

No. 27,100.

*E. L. Tong,* for appellant.

*Guesmer, Carson, Brown & Loughlin, Edwin C. Brown* and *E. C. Craig,* for respondent.

[1]Reported in 223 N. W. 674.

HILTON, J.

Appeal from an order of the municipal court of Minneapolis granting defendant's motion, made on special appearance, to vacate and set aside the attempted service of the summons.

Action to recover for damage to vegetables being transported for plaintiff by defendant from Mitchell, Iowa, to New York City, and alleged to have been caused by defendant's negligence. The shipment did not move through or into Minnesota.

Plaintiff is a resident of Ramsey county, Minnesota, in which there was no person upon whom the summons herein could have been served. Defendant is a railway corporation, organized under the laws of the state of Illinois, engaged in interstate commerce, with its principal place of business in Chicago. Its total mileage through 13 states is 4,784.64 miles, of which 30.15 are in Minnesota, extending into three counties. Its station agent at Albert Lea, Minnesota, was the only one designated by defendant as a person upon whom service of process might be made under G. S. 1923, § 7493. It has no track mileage and does not operate, own or lease any railroad in Hennepin county in which the city of Minneapolis is located. Attempted service of the summons was made on one Whicker, an employe of defendant and a resident of Minneapolis.

The jurisdiction of the court was questioned on the ground that Whicker was not a representative of defendant authorized by statute to be thus served. Affidavits were filed supporting and opposing the motion. From these it may be fairly stated that Whicker did not sell tickets or collect for passenger or freight transportation; that he did not accept freight for transportation or issue bills of lading therefor; that he was not an officer of defendant; that he was simply a soliciting freight and passenger agent whose authority was limited to and included solicitation of freight and passenger business, quoting freight rates, acceptance of diversion instructions with issuance of exchange bills of lading in connection therewith; that he also made collection of undercharge claims against debtor shippers or receivers of freight, residing locally, which were sent him for collection and remittance to the Chicago office as he might

be directed, and then only on very rare occasions. He had no authority to contract, settle or compromise any such claims for defendant.

Relative to the service of summons on private corporations in Minnesota, R. L. 1905, § 4109 (3), provides:

"If the defendant be a foreign corporation, the summons may be served by delivering a copy to any of its officers or agents within the state * * *."

This section was amended in April, 1913, by including therein the following proviso:

"That any foreign corporation having an agent in this state for the solicitation of freight and passenger traffic or either thereof over its lines outside of this state, may be served with summons by delivering a copy thereof to such agent."

R. L. 1905, § 4110, provides:

"In any action or proceeding against a railway company, whether domestic or foreign, * * * service of the summons * * * may be made by delivering a copy thereof to any ticket or freight agent of such company within the county in which the action or proceeding is begun, with the same effect as though made pursuant to § 4109."

Said §§ 4109 and 4110 are now respectively §§ 7735 and 7736, G. S. 1913, and §§ 9231 and 9233, G. S. 1923. The 1913 amendment was declared unconstitutional by the United States Supreme Court in Davis v. Farmers Co-op. Equity Co. 262 U. S. 312, 43 S. Ct. 556, 67 L. ed. 996, and was later stated to be "as inoperative as if it had never been enacted," in Gamble-Robinson Co. v. Pennsylvania R. Co. 157 Minn. 306, 311, 196 N. W. 266. At the time the law was amended in 1913 so as to permit service upon a soliciting freight and passenger agent, the law already provided that service might be made upon an "agent" or a "ticket or freight agent." It is manifest that the legislature did not consider that the latter designations included the designation in the amendment.

Plaintiff contends that because defendant is admittedly doing business in this state service upon Whicker, "even admitting for the sake of argument that he is a mere soliciting agent, is service upon a freight agent within the meaning of section 9233." This contention is not sound, nor is the one that the words "agent" or "ticket or freight agent" include a person having the powers and duties exercised by Whicker. He was neither of these. Whatever he did, in addition to soliciting business, was merely incidental and of such a minor nature as not to change his status and make him a person upon whom service could be made.

Whicker had nothing at all to do with the transportation here involved, thus clearly distinguishing this case from Connecticut Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 19 S. Ct. 308, 43 L. ed. 569, wherein the person in question was authorized to investigate the very claim that was the subject of the suit as well as to compromise and settle it. In order to make a valid service of a summons upon a foreign corporation in this state, the corporation must be one doing business in this state (this, defendant was) and also service must be made upon a person authorized by statute therefor. Decisions, in so far as they have primarily to do with the question of whether the activities of a foreign corporation amount to doing business in a certain state, are not of importance here. A person in order to be an agent upon whom service of summons may be made must be one having an adequate representative capacity and derivative authority. Whicker was not such agent. Wold v. J. P. Colt Co. 102 Minn. 386, 114 N. W. 243; Nienhauser v. Robertson Paper Co. 146 Minn. 244, 178 N. W. 504; 5 Dunnell, Minn. Dig. (2 ed.) § 7814, and cases cited.

We reach the conclusion that the attempted service of summons upon the defendant by leaving it with Whicker was ineffectual.

Order affirmed.