542

SOWL v. UNION PAC. R. CO.
Civ. No. 851.

District Court, D. Minnesota,
Fifth Division.
July 31, 1947.

Holmes, Mayall, Reavill & Neimeyer and R. H. Neimeyer, of Duluth, Minn., for defendant.

James J. Courtney & Son and James J. Courtney, Jr., of Duluth, Minn., for plaintiff.

DONOVAN, District Judge.

Plaintiff commenced action in the State District Court to recover damages for personal injuries met with by her while a passenger on one of defendant's trains in Utah. The case was removed to this Court, following which defendant appeared specially and moved to vacate and set aside the service of summons and complaint, and also moved for a dismissal.

Plaintiff alleges "That on the 5th day of March, 1945, plaintiff purchased of defendant, a ticket entitling her to transportation from said Los Angeles, California, to Duluth, Minnesota, as a passenger on one of defendant's passenger trains. That while aboard defendant's passenger train and while being transported by defendant pursuant to said contract, and on the 6th day of March, 1945, at a point near Ogden, Utah, while plaintiff was proceeding from the coach assigned to her to the dining car of such train, in pursuance to defendant's invitation, defendant's servants and employees in charge of such train, caused the brakes of said train, while traveling at a high and dangerous rate of speed, to be "dynamited" and suddenly and violently applied so as to cause said coach to suddenly lurch without warning, and thereby throwing plaintiff to the floor of said coach, and inflicting severe and permanent injuries to her person, as hereinafter alleged", and for which she seeks judgment against defendant in the sum of $25,000.

Defendant is a foreign corporation, organized under the laws of the State of Utah, and engaged in the business of a com-

mon carrier for hire. Defendant has no trackage in Minnesota and at no time did business in Minnesota, except the soliciting of freight and passenger business, to be carried on wholly outside of Minnesota. Defendant has never authorized any one within the State of Minnesota to act as its agent or representative to receive service of process and has not consented to the service of summons and complaint herein.

The summons and complaint were served on defendant by leaving a copy thereof with one P. J. Tautges, Chief Clerk, in an office located in Room 890, Northwestern Bank Building, Minneapolis, Minnesota. Tautges' duties were connected with the soliciting of freight and passenger business moving over defendant's lines in states other than Minnesota. Tautges was not an officer or agent of any kind for defendant and never sold tickets for defendant, although at times he would purchase such tickets for prospective purchasers from a line of railway operating its own tracks in Minnesota, and deliver to such connecting carrier the whole amount paid by the person requesting the ticket. Defendant's said office contains the usual equipment and property commonly used and incidental to the solicitation of business above described. Defendant employs eight persons in that connection in Minneapolis.

Defendant's supporting affidavits disclose that the trial of this case at Duluth, Minnesota, would require the presence of witnesses employed by defendant in Utah, thus absenting them from employment in interstate commerce.

Moving to quash and for dismissal, defendant contends:

1. Defendant was not doing business in Minnesota.

2. Service of process was not made upon a person authorized to receive such service.

The foundation for the claimed jurisdiction or lack thereof is limited to the pleadings and the evidence of service of process, personal or substituted, as disclosed by the file before the Court, and the supporting affidavits contained therein.

Did plaintiff obtain personal service on defendant by leaving a copy of the summons and complaint with P. J. Tautges?

The decision of the Eighth Circuit Court of Appeals in Maxfield v. Canadian Pac. R. Co. et al., 70 F.2d 982, under facts not unlike those in the case at bar, held the Railway Company was not "doing business" in Minnesota, and hence jurisdiction could not be had of defendant by service of summons on the agent in general charge of its office in Minneapolis.

■ The maintenance of an office for the mere purpose of soliciting business under circumstances existing in the present case, where the defendant has no lines of transportation in Minnesota and does not receive or deliver freight or passengers therein, precludes a finding that defendant was present within the State of Minnesota so as to permit the service of process here attempted to be made by plaintiff. Such service does not confer jurisdiction on this Court. Id. Davis v. Farmers' Co-operative Co., 262 U.S. 312, at pages 316 and 317, 43 S.Ct. 556, 67 L.Ed. 996; Gamble-Robinson Co. v. Pennsylvania R. Co., 157 Minn. 306, 196 N.W. 266; E. Bernier & Sons v. Illinois Cent. R. Co., 176 Minn. 415, 223 N.W. 674; Gloeser v. Dollar Steamship Lines, 192 Minn. 376, 256 N.W. 666, 95 A.L.R. 1470.

Inconvenience arising out of the necessity of having material witnesses travel from Utah to Duluth is not alone controlling. Hoffman v. State of Missouri ex rel. Foraker, 274 U.S. 21, 47 S.Ct. 485, 71 L.Ed. 905.

■ Plaintiff argues that defendant's appearance and motion to transfer in the state court constitutes a general appearance. It is well settled that such an appearance and petition for removal amounts to a special appearance. General Investment Co. v. Lake Shore & Michigan Southern Ry. Co. et al., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244.

■ Plaintiff cites Fairport P. & E. R. Co. v. Meredith, 292 U.S. 589, 54 S.Ct. 826, 78 L.Ed. 1446, and Brady v. Terminal R. Ass'n, 303 U.S. 10, 58 S.Ct. 426, 82 L.Ed. 614, in support of her contention that the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. applies to the instant case, and hence the state court, where the action was commenced, has concurrent jurisdiction and the

case should be remanded. I cannot agree, and in my opinion the cases cited do not support plaintiff's theory in the respect contended by counsel. Maxfield v. Canadian Pac. Ry. Co. et al., supra, and cases cited therein.

The service of summons and complaint must be set aside, and the action dismissed without prejudice to plaintiff.

Plaintiff may have an exception.