## WATTERSON v. NEW YORK CENTRAL SYSTEM et al.

Civ. No. 1349.

United States District Court, D. Minnesota, Fifth Division.

April 21, 1953.

David W. Louisell, Minneapolis, Minn., and Paul J. Louisell, Duluth, Minn., for plaintiff.

Paul J. McGough, Minneapolis, Minn., for defendant New York Cent. R. Co.

W. W. Brooks, Minneapolis, Minn., for defendant Wabash R. Co.

DONOVAN, District Judge.

This action to recover damages for personal injuries was commenced in the State court and removed here on the grounds of diversity of citizenship. Defendants New York Central Railroad Company, referred to hereafter as Central, and Wabash Railroad Company, hereafter referred to as Wabash, appearing specially, have each moved to quash service of process and to dismiss the complaint on the grounds that they were not doing business in Minnesota; that they have no trackage in Minnesota; and that they have never designated or authorized any person as their agent or representative for the purpose of accepting service of process.

The file makes obvious that for the purposes of the motions under consideration it may be conceded that the cause of the accident to plaintiff was a defect in a boxcar owned by Wabash, and which defect may have been concealed due to the method of the loading of the freight so as to make impossible the discovery of the defect by inspection on the part of the intermediate and delivering carriers who are parties defendant herein.

The tracks of Wabash and of the initial carrier Central do not extend to Minnesota. Wabash and Central do maintain offices in the City of Minneapolis (also in St. Paul) which they limit to the business of soliciting traffic. Using Central as an illustration of the extent that movants do business in Minnesota, it may be said without dispute that it has nine employees in its Minneapolis office and four employees in its St. Paul office. It maintains a sending and receiving teletype machine connecting with its Chicago office. Among its said employees is a General Agent for the soliciting of freight and handling of complaints, and another whose job is the soliciting of passenger business. No bills of lading are issued in Minnesota except upon request for reconsignment of freight or diversion of a car in transit. No one of the agents or employees is authorized to hire or discharge help. On occasion and upon request of a customer or patron the carrier permits its personnel in Minnesota to purchase coupon passenger tickets from other railroads connecting with their lines as an accommodation, but maintains no stock of such tickets. Claims arising out of damage to freight are accepted at the offices in Minnesota and forwarded to their freight claim department in Buffalo, New York, and claims for personal injuries are forwarded to defendant's Chicago office. They also advertise in Minnesota newspapers soliciting passenger business. A third employee, designated as Chief Clerk of the Minneapolis office, and whose duties are described as "quoting of rates and tracing of cars and diversions", was the individual upon whom the summons and complaint were served, with a view to serving Central. Service of summons and complaint upon Wabash was attempted by leaving same with one Donald Ward, who at the time was in charge of clerical work in its Minneapolis office.

Central and Wabash further contend that the persons served as above were not officers, general agents or managing agents, and were not persons authorized by appointment or by law to receive service of process for defendants.

The issues may be confined to this question: Were defendants doing business in Minnesota within contemplation of law? If they were not the Court is without jurisdiction.

Plaintiff's learned counsel argues that the law on what constitutes "doing business" in a state has been modified and changed in recent years [1] by the rule of

1. It is not argued, nor could it be sustained, that jurisdiction arises out of Rule 4.03(c) of the Minnesota Rules of Civil Procedure. Statutes in similar form have been held unconstitutional by state and federal courts. Gamble-Robinson Co. v. Pennsylvania R. Co., 157 Minn. 306, 196 N.W. 266; Davis v.

"solicitation plus" and the traditional notions of "fair play and substantial justice."[2] Therefore counsel argues that the controlling case in this circuit, Maxfield v. Canadian Pac. Ry. Co. et al., supra, is outmoded, in addition to being distinguishable for the reason, among others, that the instant case was not imported to Minnesota for trial[3], therefore not imposing an undue burden on interstate commerce.

The bill of lading governing the movement of the car in question was not prepared in Minnesota. There is nothing to indicate that agents, officers or employees of Central or Wabash in Minnesota diverted or expedited the freight or entertained or processed claims in connection therewith.

Able counsel for plaintiff, emphasizing the equities of the case, persuasively argues that the domicile of plaintiff, the presence of the alleged defective car, the occurrence of the accident, the presence of eye witnesses thereto, the attending physician and the hospitalization all being in Minnesota, justice perhaps would best be served if the jurisdiction of this Court were permitted to extend to the instant case, for the expressed reason that the trend of present day law is in the direction of "realities and not fiction".[4]

The impressive and appealing logic of plaintiff's counsel in urging the adoption of a rule opposed to the doctrine so clearly set forth in the Maxfield case is a matter properly referable to the appellate court which rendered that decision. Needless to say, it would be presumptive for this Court to substitute its own "plus" theory for that enunciated by the Court of Appeals for the Eighth Circuit in the Maxfield case. Suffice it to say the instant case cannot be distinguished from the Maxfield case. The Court is therefore of the opinion that Central and Wabash were not present in Minnesota when service of process was attempted herein.

It Is Therefore Ordered that the complaints against defendants Central and Wabash be, and the same are dismissed.

Plaintiff may have an exception.

---

Farmers Co-operative Equity Co., 262 U. S. 312, 43 S.Ct. 556, 67 L.Ed. 996; Green v. Chicago, Burlington & Quincy Ry. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Maxfield v. Canadian Pac. Ry. Co., 8 Cir., 70 F.2d 982; Goldstein v. Chicago R. I. & P. R. Co., D.C.N.Y., 93 F. Supp. 671.

2. Western Smelting & Refining Co. v. Pennsylvania R. Co., D.C.Neb., 81 F. Supp. 494, 497, and cases cited; Perkins v. Louisville & N. R. Co., D.C.Cal., 94 F.Supp. 948.

3. Plaintiff commenced his action in a court of record at Duluth, Minnesota. It was in Duluth plaintiff met with the accident attributed to the negligence of defendants and admittedly all of plaintiff's evidence bearing on damages is in Duluth and vicinity. In the respect contended for by plaintiff the instant case is unlike the Maxfield case, supra, and also unlike Sowl v. Union Pac. R. Co., D.C.Minn., 72 F.Supp. 542.

4. Perkins v. Louisville & N. R. Co., supra [94 F.Supp. 951].