**The PILLSBURY CO., a Delaware corporation, Plaintiff,**

v.

**SOUTHERN RAILWAY COMPANY, a Virginia corporation, et al., Defendants.**

**No. 4–71 Civ. 360.**

United States District Court, D. Minnesota, Fourth Division.

Jan. 7, 1972.

Faegre & Benson, by Ludwig B. Gartner, Jr., Minneapolis, Minn., for plaintiff.

Rider, Bennett, Egan & Johnson, by Stuart W. Rider, Jr., Minneapolis, Minn., for defendants.

## ORDER DENYING MOTIONS TO DISMISS AND TO QUASH SERVICE OF PROCESS

NEVILLE, District Judge.

This is an action for the recovery of $20,893.86 alleged to be the amount of freight over-charges collected by defendant[1] for shipments made by plaintiff over its railroad lines, all of which are outside the State of Minnesota. Plaintiff has its principal place of business in Minnesota and defendant in Washington, D.C. Defendant has moved the court at Minneapolis, Minnesota on August 31, 1971 to dismiss for want of jurisdiction in this court over the person of the defendant and to quash attempted service of process.

The defendant, Southern Railway Co. maintains a district office in Minnesota, employing three people who are engaged in traffic solicitation in Minnesota and in several contiguous states and a part of Canada. The defendant's employees in Minnesota solicit the business of customers and potential customers and shippers who control the routing of

[1.] The other two defendants are subsidiaries of defendant Southern Ry. Co. and since for purposes of this motion at least conditions as to them are the same as with the Southern Railway Co., the court will discuss the case as to Southern Railway Co. only, though the order herein made will bind and govern all defendants.

freight through the southeastern part of the United States, seeking to get them to ship by Southern Railway and to assist them with any particular transportation problems including furnishing information as to rates, routes, schedules, supplying or tracing of cars, etc. The Minneapolis office handles no passenger tickets, does not negotiate freight claims, collects no demurrage nor does it submit any billings for transportation service.

Plaintiff served defendant by delivering copies of the summons and complaint to the local agent in charge of defendant Southern Railway Company's Minneapolis office. The question presented of course is whether the defendant was doing or transacting business in Minnesota, since it is not registered as a foreign corporation in Minnesota nor has it appointed an agent for the service of process. The Minneapolis office of plaintiff Pillsbury Company controls and determines the manner of shipment and routes to be used all over the United States for its products. The annual business transacted by plaintiff with defendant produces estimated gross revenue to defendant Southern Railway Company and its subsidiaries in excess of $50,000. The bills of lading for all shipments from Chattanooga, Tennessee on and over defendant's lines were and are originally prepared and executed by plaintiff in its offices in Minneapolis, sent by mail to defendant's office in Chattanooga for execution by the defendant, and returned to plaintiff for payment, the checks for which are prepared in Minneapolis and drawn on a Minneapolis bank.

The problem presented in this case is novel:

Rule 4(e) of the Federal Rules of Civil Procedure provide in part:

> "Whenever a statute or rule of court of the state [Minnesota] in which the district court is held provides (1) for service of summons . . . upon a party not an inhabitant of or found within the state . . .

service may . . . be made under the circumstances and in the manner prescribed in the [Minnesota] statute or rule." [insertions added]

Rule 4(c) of the Minnesota Rules of Civil Procedure provides for service:

> "In the case of a transportation . . . [company], the summons may be served by delivering a copy to any ticket, freight or soliciting agent found in the county . . ."

This was the type of service effected here, i.e., on one Gary L. Palmatier, office manager of the office defendant maintains in Hennepin County, Minnesota.

Minnesota "one act" or "long arm" statute, Minn.Stat. § 303.13, provides in part:

> "If a foreign corporation [defendant here] makes a contract with a resident of Minnesota [plaintiff here] to be performed in whole or in part by either party in Minnesota . . . such acts shall be deemed *to be doing business* in Minnesota . . ."

Service is provided on the Secretary of State, with "the same legal force and effect as if served personally, within the state of Minnesota." It must follow as a negative inference that the statute is applicable even though the technical service here was not made through the Secretary of State but personally on defendant's agent within the state. Minn. Stat. § 543.19, another long arm statute and as the court views it not strictly applicable here prescribes jurisdiction over any foreign corporation which "transacts any business within the state" and provides out of state personal service without limiting the right to serve process in any other manner provided by law or applicable rules.

Looking at the Minnesota state statute, then it seems clear that defendant made a contract with plaintiff, a Minnesota resident, performable "in whole or in part . . . in Minnesota".

The statute does not require that the contract be made in Minnesota, only that

if it is to be "performed in whole or in part in Minnesota." Certainly the latter is true in the case at bar and it was performable in part in Minnesota. Stopping here, then (even though personal service was made rather than through the Secretary of State) it would appear that defendant was subject to service under Minn.Stat. § 303.13.

The Minnesota Supreme Court has stated in Hunt v. Nevada State Bank, 285 Minn. 77, 172 N.W.2d 292 (1969), cert. denied Burke v. Hunt, 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970), that it will extend jurisdictional limits to the constitutional maximum permitted under International Shoe v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McQuay, Inc. v. Samuel Schlosberg, Inc., 321 F. Supp. 902, 905 (D.C.1971). This case is far different from Fourth Northwestern Natl. Bank of Minneapolis v. Hilson Industries, 264 Minn. 110, 117 N.W.2d 732 (1962), and Marshall Egg Transport Co. v. Bender-Goodman Co., Inc., 275 Minn. 534, 148 N.W.2d 161 (1967), where the defendants had no "minimal contacts" with Minnesota. This court believes the Minnesota court, particularly since *Hunt*, would hold service of process valid in this case.

Clearly defendant has the minimal contacts here with the State of Minnesota to constitute "doing business" under and for purposes of Minn.Stat. § 303.13.

This view renders unnecessary a consideration of the cases cited by defendant going back to Green v. Chicago Burlington & Quincy Ry. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916 (1907), and Davis v. Farmers' Co-op. Equity Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996 (1923). Long v. Victor Products Corp., 297 F.2d 577 (8 Cir.1961); Maxfield v. Canadian Pac. Ry. Co., 70 F.2d 982 (8th

Cir.1934); Watterson v. New York Central System, 111 F.Supp. 448 (D.Minn. 1953). These cases stand for the proposition that the maintenance by a railroad of a soliciting office and agents within a state does not constitute doing business within that state for purposes of service of process. Many or most of the cases so holding involve personal injury suits, though *Davis* involved a suit for grain loss but brought by a Kansas corporation against a Kansas Railway in the State of Minnesota where the Railroad had no trackage and nothing but a solicitation office in Minnesota. The most recent case to which this court has been cited is Scanapico v. Richmond, Fredricksburg & Potomac R. Co., 439 F.2d 17 (2 Cir.1970), decided by a split panel, Judge Lumbard dissenting, and later reconsidered *en banc* 439 F.2d 25 and another opinion written.[2] It may or may not be in reference to this question as plaintiff argues that the older concepts are fading and under McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), *International Shoe Co. supra,* and other cases and that jurisdictional concepts have been expanded to controvert the above cited long line of cases above.[3]

In any event and without reaching that question, Minn.Stat. § 303.13 is quite explicit in its language that one who makes a contract with a Minnesota resident as therein provided "may be served all lawful process in any action or proceedings against the foreign corporation *arising from or growing out of such contract or tort*" (italics added). So, when the statute says that such contract "shall be deemed to be doing business in Minnesota" it should be interpreted to mean doing business as to the person with whom such contract is made, not generally doing business in

---

2. Jurisdiction was upheld as "doing business" in New York under somewhat different facts than the instant case, over the protestation—which apparently occasioned the *en banc* hearing—that the effect of the decision "would be to permit suits in New York federal courts regarding injuries suffered on the tracks of almost

every railroad operating in the United States, and occurring almost anywhere in the United States." p. 21.

3. See a discussion of some of the recent cases in McNeely v. Clayton & Lambert Mfg. Co., 292 F.Supp. 232, 237 (D.Minn. 1968).

the sense that anyone anywhere, whether having a personal injury suit or some type of contract claim can come into Minnesota and sue the foreign corporation. The statute is referred to frequently and colloquially as a "single act" statute and appropriately so just for this reason. The court need not opine as to the effect of a single tort committed in Minnesota, though it would seem that the above reasoning also would apply thereto, and any question of whether defendant, by its activities, is generally doing business in Minnesota is irrelevant and not germane here.

Plaintiff here, a Minnesota resident, is entitled to the benefits and protection of § 303.13 in this case and the court's holding is limited to the situation thus presented. The only variant is that defendant was served personally and not through the Secretary of State. This is of no import however for reasons above set forth. Therefore,

It is ordered That defendant's motion for a dismissal and to quash service of process as to all three defendants be and the same hereby is denied.