BURNHAM MANUFACTURING COMPANY, Appellee, v. QUEEN STOVE WORKS, Appellant.

No. 41255.

MARCH 15, 1932.

Meighen, Knudson & Sturtz and Rob Roy Cerney, for appellant.

R. W. Zastrow, for appellee.

STEVENS, J.—A single question is presented for decision on this appeal, namely: Was the service of the original notice upon a soliciting agent of defendant, which is a corporation under the laws of Delaware, and not authorized to do business in this state, sufficient to confer jurisdiction upon the court to enter judgment? It appears from affidavits attached to the motion to quash that H. G. Olson, upon whom notice was served, was a salesman calling largely upon dealers in hardware in Minnesota and Iowa. His authority was to solicit and take orders for merchandise and forward the same to Albert Lea,

Minnesota, where the principal office of defendant is located. Olson had no authority to approve orders taken or make contracts, compromises, or transact other business for appellant than as stated, to solicit, receive and forward orders for goods. The orders, when received at the principal office in Minnesota, were there approved or disapproved and goods shipped direct to the purchaser. All payments for merchandise were made direct to the home office. Olson traveled in his own conveyance both in Minnesota and in Iowa. He had been employed by appellant for about a year, resided in Minnesota, and was paid for his services monthly. The question as to what constitutes doing business in this jurisdiction by a foreign corporation not authorized to do business herein was fully discussed in American Asphalt Roof Corp. v. Shankland, 205 Iowa 862. What is there said need not be repeated.

The rule for determining whether a foreign corporation is doing business in another state than that of its incorporation has been many times stated by the Supreme Court of the United States. In People's Tobacco Co. v. American Tobacco Co., 62 L. Ed. (U. S.) 587, it is said:

"The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted."

No officer or stockholder of appellant corporation has ever transacted any business for it in this state. No counter-affidavits were filed, and we must accept the recitals of the several affidavits attached to the motion to quash the service as true.

We pointed out in American Asphalt Roofing Co. v. Shankland, supra, that, under the authorities, the mere solicitation of orders in behalf of a non-resident corporation does not constitute doing business in another state. Eastman Kodak Co. v. Southern Photo Materials Co., 71 L. Ed. 684; James-Dickinson Farm Mortgage Co. v. Harry, 71 L. Ed. 569; Cannon Mfg. Co. v. Cudahy Packing Co., 69 L. Ed. 634; Monographic Note, 60 A. L. R. 1031. See also Bank of America v. Whitney Central Bank, 67 L. Ed. 594; Stewart v. Heisler, 32 Fed. (2nd Ser.)

519. The supreme court refused, on petition for writ of error, to take jurisdiction of the case last cited. Stewart v. Nebraska Tire & Rubber Co., 75 L. Ed. 746.

What is said in American Asphalt Corporation v. Shankland, supra, sufficiently distinguishes that case from the one before us. As has been frequently said by the United States supreme court and other federal and state courts, each case must be determined upon the facts peculiar thereto. The certain and definite rule established by the supreme court of the United States that the mere solicitation of orders by a foreign corporation in another state does not alone and of itself constitute doing business in such state within the purview of the rule stated is applicable to this case.

We have been favored in this case with an able opinion of the district court. This class of cases generally involves close questions. There is a manifest want of harmony in the decisions. This is the necessary result of the extreme difficulty of applying the law to each given state of facts.

We reach the conclusion that the facts of this case do not bring it within the rule announced by the supreme court of the United States, and that appellant was not doing business in this state. The judgment is accordingly reversed.—Reversed.

WAGNER, C. J., and DE GRAFF, FAVILLE, and ALBERT, JJ., concur.