INTERNATIONAL SHOE COMPANY, Petitioner, v. A. B. LOVEJOY, Judge, and DISTRICT COURT of Black Hawk County, Respondents.

No. 42621.

DECEMBER 11, 1934.

REHEARING DENIED APRIL 5, 1935.

Edw. J. Wenner, for petitioner.

Reed, Beers & Graham, for respondents.

STEVENS, J.—Original notice of an action at law commenced in the name of Glenn B. Beers in the district court of Black Hawk county was served upon L. P. Sommerhauser in Linn county as the supposed agent of petitioner, International Shoe Company, in the state of Iowa. The action in which the original notice was served is to recover damages by a landlord against petitioner for the alleged wrongful and fraudulent removal of a stock of shoes from leased premises in the city of Waterloo. The special appearance of the defendant International Shoe Company, the petitioner herein, challenged the jurisdiction of the court to enter a personal judgment against it. The question presented is not so much a new one in this state as others of like character have arisen, but is one which must be determined always upon the facts peculiar thereto.

It appears from the proof offered upon the hearing had upon the special appearance that petitioner is a corporation organized under the laws of Delaware and having its principal place of business in the state of Missouri and is engaged, on a large scale, in the manufacture of shoes for sale to retail stores. Sommerhauser was, for a period of about two years, employed as a salesman in the state of Iowa for petitioner, and was so engaged when the original notice was served upon him. His business was to solicit and forward orders for merchandise to the home office of petitioner in the state of Missouri. He made no investigation as to the credit rating of customers in the state of Iowa, but, if knowledge came to him that a customer was not doing well, he reported that fact to his employer. If checks in payment of merchandise were tendered to him, they were accepted and forwarded to the home office. He appears to have had no authority to accept cash or to collect checks. Sommerhauser had a specified territory in which he traveled by automobile visiting customers about once each month. The automobile was owned by Sommerhauser, but a certain sum was allowed him by his employer for the use thereof and the expense of operation. Petitioner maintained other salesmen in the state of Iowa. It also maintained in the city of Des Moines a permanent sample or display room in a local hotel which was used for the display of merchandise and the taking of orders therefor from customers. In addition to the foregoing, a stock of samples used by him was maintained at Cedar Rapids where he lived. No warehouse in which merchandise was stored was maintained in this state. All merchandise was shipped direct from St. Louis to the customer. No other room or office was maintained in this state, except such as is stated above.

On or about January 2, 1931, O. H. Buttenhoff leased a building in the city of Waterloo in which to conduct a retail shoe store. This lease, together with the cause of action alleged in plaintiff's petition in the district court, was subsequently assigned by the lessor to Glenn B. Beers. Sommerhauser, acting as salesman for petitioner, sold Buttenhoff a stock of shoes. The entrance of Buttenhoff into the shoe business was first suggested by Sommerhauser, who denied that he urged him to go into the business. The stock of shoes was sold on credit and was shipped to Buttenhoff Shoe Company of Waterloo by petitioner. Sommerhauser gave advice as to business methods to be pursued, advertising display, and instructed Buttenhoff in bookkeeping. It was the practice of Sommerhauser to use

his efforts to develop shoe stores in other towns in the manner pursued in the Buttenhoff transaction. The business obviously did not succeed in Waterloo. Buttenhoff was required to make regular weekly reports to the International Shoe Company on which reports credit was extended. On or about October 28, 1931, Sommerhauser and a district representative of the International Shoe Company, aided by Buttenhoff and others, packed the stock of shoes, loaded them on trucks, and returned the same to St. Louis, the home office of the shoe company. This, it is urged, was accomplished fraudulently in the nighttime without the knowledge or consent of the lessor. This latter transaction forms the basis of the action at law against the International Shoe Company et al. for damages. It is upon the foregoing facts that respondent claims personal jurisdiction over petitioner.

It is provided by section 11072 of the Code of 1931 that:

"If the action is against * * * any foreign corporation, service may be made upon any general agent of such corporation * * * wherever found, or upon any * * * other agent, or person transacting the business thereof * * * in the county where the action is brought."

All shipments of merchandise to customers in Iowa were made direct from St. Louis. They were, therefore, shipped in interstate commerce. It has been repeatedly held by this and other courts, including the Supreme Court of the United States, that the mere solicitation by a traveling salesman of orders for merchandise does not, within the established rules of law, constitute doing business within the state. American Asphalt Roof Corp. v. Shankland, 205 Iowa 862, 219 N. W. 28, 60 A. L. R. 986; Burnham Mfg. Co. v. Queen Stove Works, 214 Iowa 112, 241 N. W. 405; International Harvester Co. v. Commonwealth of Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479.

It was said by the Supreme Court of the United States, in substance, in Green v. C., B. & Q. R. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, that the validity of the service depends upon whether the corporation was doing business within the state in such a manner and to such an extent as to warrant the inference that, through its agents, it was present there. The term "doing business" within a foreign state was defined by the Supreme Court of the United

States in Peoples Tobacco Co. v. Am. Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 235, 62 L. Ed. 587, Ann. Cas. 1918C, 537, as follows:

"The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted."

It appears from the foregoing recital of the facts that, in addition to the solicitation of orders from customers for shoes, Sommerhauser sought to induce Buttenhoff and others to engage in the shoe business. This appears to have been a part of his duties as a salesman. He was authorized to receive checks in payment of accounts and to transmit the same to petitioner, but not to cash the same or to receive money. Petitioner did not, in a general sense at least, maintain an office or place of business in this state. It did, however, permanently maintain a sample or display room in a hotel in Des Moines which was visited by actual or prospective customers to whom sales of merchandise were made. This method of transacting the business amounted to something more than the mere solicitation of orders. The practice of aiding, if not inducing, others to establish stores and engage in the shoe business in this state also amounted to more than the mere solicitation of orders. It manifested an intention upon the part of petitioner to engage in business in this state. As we interpret the record, the sample or display room permanently maintained in Des Moines was something more than the customary use of sample rooms in hotels by traveling salesmen.

The question in this case and in most others of a similar character is close, and the facts in the present instance are more or less meager. The question was fully discussed in the prior decisions of this court above cited and, for this reason, further discussion will be omitted.

The case is distinguishable upon its facts from Burnham Mfg. Co. v. Stove Works, supra. In that case, mere solicitation alone was shown. The facts established in this case go much further than to show the mere solicitation of orders for merchandise. We are of the opinion that the facts warrant the inference that petitioner was, through its agents, present and doing business in this state.

If the action was brought in the wrong county, it was subject to a motion to transfer the same for trial to the proper county. We

conclude that service of the original notice upon Sommerhauser as agent of petitioner warranted the assumption by the district court of jurisdiction.—Writ annulled.

MITCHELL, C. J., and ALBERT, KINTZINGER, and ANDERSON, JJ., concur.