PARKE, DAVIS & CO. v. FIFTH JUDICIAL DISTRICT COURT IN AND FOR BEAVER COUNTY et al.

No. 5329.   Decided July 17, 1937.   (72 P. [2d] 466.)

*A. W. Watson* and *Critchlow & Critchlow*, all of Salt Lake City, for plaintiff.

*King & King* and *Parnell Black,* all of Salt Lake City, and *Abe Murdock,* of Beaver, for defendants.

FOLLAND, Chief Justice.

An alternative writ of prohibition was heretofore issued to the district court of Beaver county, Utah. The only question involved is whether a service of summons on a soliciting sales agent of a foreign corporation not qualified to do business in the state is a valid service upon such corporation. John P. Barton brought an action for damages in the district court of Beaver county against the Beaver Drug Company, Schramm-Johnson Drug Company, and Parke, Davis & Co. Summons was served on Parke, Davis & Co. by serving George W. McLennan at Salt Lake City. The corporation appeared specially and moved to quash the summons. The motion was denied. Parke, Davis & Co. thereupon petitioned this court for an alternative writ of prohibition and a writ of certiorari in aid thereof, which writs were issued.

The cause is before us on petition of plaintiff and the demurrer of defendants. McLennan was a traveling salesman for Parke, Davis & Co. in Utah. Such orders as he obtained were sent to the branch office of the company at Kansas City and, if accepted, the goods were shipped direct to the purchasers in interstate commerce. McLennan was not an officer of the company. He handled no merchandise, and all orders solicited by him were on credit to be approved and extended by the credit manager at Kansas City. The salesman had no authority to extend credit to any one. The corporation was not otherwise in business in Utah, had no office or place of business, and owned no property in the state. It had never applied for permission to do business in the state, had done no business therein, and had designated no person within the state upon whom process might be served.

This court has held that the soliciting of orders for goods by an agent of a foreign corporation and shipment of goods pursuant to such order by such corporation of another state

directly to the purchaser is in interstate commerce and does not constitute doing business within the state so as to subject the corporation to the statute prescribing conditions applicable to foreign corporations doing business within the state. *Advance-Rumely Thresher Co., Inc.,* v. *Stohl,* 75 Utah 124, 283 P. 731. It is a general rule that:

"The mere soliciting and obtaining of orders within a state by the agent of a foreign corporation, for goods to be shipped into the state to the purchasers, do not amount to doing business within the state so as to render the corporation amenable to service of process therein." Note, 101 A. L. R. 133; *People's Tobacco Co., Ltd.,* v. *American Tobacco Co.,* 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537; *Curlee Clothing Co.* v. *Oklahoma Tax Comm.* (Okl. Sup.) 68 P. (2d) 834.

The facts alleged in the petition and admitted by demurrer bring this case within the rule stated. The alternative writ of prohibition heretofore issued is made permanent prohibiting and restraining the district court of Beaver county and the judge thereof from proceeding further with said cause against Parke, Davis & Co. except to quash the service of summons therein. Costs to plaintiff.

EPHRAIM HANSON, MOFFAT, WOLFE, and LARSON, JJ., concur.