HOLLOWAY MATERIAL & SUPPLY CO. v. PERFECTION OAK FLOORING CO.

No. 30756. Sept. 15, 1942.

Rehearing Denied Oct. 6, 1942.

*130 P. 2d 296.*

Chas. R. Nesbitt, of Tulsa, for plaintiff in error.

Irvine E. Ungerman, of Tulsa, for defendant in error.

OSBORN, J. This action was instituted in the court of common pleas of Tulsa county by the Perfection Oak Flooring Company, hereinafter referred to as plaintiff, against Holloway Material & Supply Company, hereinafter referred to as defendant, wherein plaintiff sought recovery upon three promissory notes given in payment of the purchase price of a quantity of oak flooring purchased by defendant from plaintiff. Issues were joined, the cause was tried to the court, judgment was rendered in favor of plaintiff, and defendant has appealed.

It is urged first that plaintiff was not entitled to maintain the action in view of its failure to comply with the provisions of 68 O. S. 1941 § 1515, being a portion of the Intangible Personal Property Tax Law, requiring, as a condition precedent to the prosecution of a suit for collection for certain receivables, that it be alleged and proved that such property was listed for taxation, and that all taxes due thereon had been paid. The plaintiff contends that the notes involved herein are not subject to taxation since plaintiff is a foreign corporation not doing business in the State of Oklahoma, and that the transaction involved herein was one in interstate commerce.

Plaintiff corporation was organized under the Laws of Louisiana and domiciled in that state. The sale of the lumber involved herein was negotiated by one J. B. Jackson, who testified that he was a "sales broker"; that he represented and sold merchandise for ten or twelve companies and worked on a commission basis; that his territory was Eastern Oklahoma and he maintained an office of his own in Tulsa; that he had taken only a few orders in the state for plaintiff; that none of the products of the plaintiff company were kept on hand for delivery; that the witness procured orders and sent them to Shreveport, from which place shipment was made direct to the buyer. It appears that when the lumber involved herein was shipped, a draft attached to the bill of lading was not honored; that the lumber was stored a few days until an arrangement for payment was made which included a cash payment of $400 and execution of the notes involved herein.

68 O. S. 1941 § 1504, in part, provides:

"Intangible personal property owned by a corporation organized under the

laws of another state shall not be subject to the tax levied under this act, where such property can be deemed to have been localized and to have acquired in some other state a business situs. Laws 1939, p. 396, sec. 4."

68 O. S. 1941 § 1505, provides:

"Whenever merchandise or service, either or both, is sold by persons, firms, foreign or domestic corporations, unincorporated associations, or common law or statutory trusts, as sellers, on credit or on the installment plan to any buyer in this state, upon sales made in this state or in contemplation of delivery of the merchandise or performance of the service in this state, and such seller maintains an agent or agency or place of business in this state for the transaction of business in this state, or has a regular agent or agency in this state to collect or assist in the collection of the amounts due on such sales, the credits or choses in action created by such sales transactions shall be deemed to have a taxable situs in this state, whether such credit or chose in action consists of a simple account or be evidenced by written note, contract or promise to pay, and shall be taxable to such seller in the location in this state of such agent or agency where the same may be collectible, notwithstanding the seller may be a nonresident of this state, regardless of the location of such written evidence, and nothwithstanding the seller may have transferred the same, as security or otherwise, other than by absolute sale thereof:  .  .  .  provided, that this act shall not apply to credits or choses in action which are not within the power of this state to tax because of the principle that this state may not lay a tax burden on interstate commerce. Laws 1939, p. 397, sec. 5."

The intent of the above-quoted provisions is not obscure. There is a specific disclaimer of any intent to lay a tax burden on interstate commerce, thereby preserving the constitutionality of the act in the event of an attack on the ground that its provisions offend against the commerce clause of the Federal Constitution. The provisions for imposition of the tax are applicable only where the business transacted is intrastate business and are not applicable where the transaction is one in in-terstate commerce. In the case of Harrell v. Peters Cartridge Co., 36 Okla. 684, 129 P. 872, 44 L. R. A. (N.S.) 1094, we said:

"The negotiation in one state of sales of goods which are in another state, for the purpose of their introduction into the former state, constitutes interstate commerce. Where parties in one state order goods from persons or corporations in another state, and the goods are shipped into the state, although with a draft attached to the bill of lading, the transaction is one of interstate commerce."

For other authorities see vol. 4, West's Oklahoma Digest, Corporations, Key No. 642.

Since the transaction involved herein was one in interstate commerce, the notes involved herein were not subject to taxation under the provisions of the Intangible Personal Property Tax Law.

It is further contended the plaintiff was not entitled to maintain this action for the reason that it had not complied with the statutes regarding admission of foreign corporations to do business in this state. 18 O. S. 1941 § 451-457. 18 O. S. 1941 § 456 is as follows:

"This article shall not be effective in cases where its enforcement would conflict with the powers of Congress or the federal laws to regulate commerce between the states."

In the case of Barnett v. Aetna Explosives Co., Inc., et al., 96 Okla. 132, 220 P. 874, it was said:

"The mere doing of a single act of business in another state does not constitute doing business within the meaning of the foreign corporation laws of the several states. Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 28 L. Ed. 1137. It has been held that 'transacting business,' within the meaning of sections 1335-1338, Rev. Laws 1910 (sections 5432-5435, Comp. Stat. 1921), prescribing conditions under which foreign corporations may transact business in this state, means the doing or performing of a series of acts which occupy the time, attention, and labor of men, for the purpose of livelihood, profit, or pleasure,

but the doing of a single act pertaining to a particular business is not transacting or doing business as contemplated by said sections. Fuller v. Allen, 46 Okla. 417, 148 P. 1008; Denison v. Phipps, 87 Okla. 299, 211 P. 83."

Notwithstanding the fact that the goods were temporarily stored in this state pending an arrangement for payment, and that there were negotiations within the state after the goods had arrived, we hold that the transaction was one in interstate commerce, and that said negotiations which related wholly to payment, and the temporary storage of the lumber, do not justify the conclusion that plaintiff was doing business in the state so as to require its domestication as a condition to the maintenance of a suit in the state court.

The judgment is affirmed.

WELCH, C. J., and BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V.C.J., dissents. RILEY, J., absent.