SOONER BEVERAGE CO. et al. v. G. HEILEMAN BREWING CO.

No. 30907. June 6, 1944.

*150 P. 2d 72.*

Keaton, Wells & Johnston, of Oklahoma City, for plaintiffs in error.

A. K. Little, of Oklahoma City, for defendant in error.

DAVISON, J. This is an action by G. Heileman Brewing Company, an undomesticated foreign corporation, as plaintiff, against the Sooner Beverage Company, a corporation, and F. Leonard Sibel, as defendants.

The action was instituted in the district court of Oklahoma county on April 30, 1941. The cause was tried to a jury, resulting in a judgment for the plaintiff in the sum of $686.84. The defendants present the case on appeal as plaintiffs in error in this court. We shall continue to refer to them in this opinion as defendants.

The defendants first urge that the judgment of the trial court should be reversed for the asserted reason that:

"Plaintiff in this action was doing business in Oklahoma and not having qualified, may not prosecute this action."

Under 18 O. S. 1941 § 451 et seq., foreign corporations, not created solely for religious or charitable purposes, are forbidden to transact business in this state without becoming domesticated for such purpose.

The failure of a foreign corporation doing business in the state to domesticate renders its contracts with citizens of the state unenforceable in the courts of this jurisdiction (18 O. S. 1941 § 454) and prevents it from maintaining any action in our courts arising out of either contract or tort. (18 O. S. 1941 § 457.) However, the foregoing prohibitions against the maintenance of litigation do not apply where the transaction of business by the undomesticated foreign corporation constitutes interstate commerce or is a mere incident thereof. 18 O. S. 1941 § 456; Fruit Dispatch Co. v. Wood, 42 Okla. 79, 140 P. 1138; Consolidated Pipe Line Co. v. British American Oil Co., 163 Okla. 171, 21 P. 2d 762; and authorities therein reviewed.

In the last cited case it was pointed out by this court in paragraph 2 of the syllabus that:

"Interstate commerce is not confined to transportation, but comprehends all commercial intercourse between different states and all component parts of such intercourse. . . . "

Bearing in mind the general concepts of the law above outlined, we address ourselves to the particular situation presented in the case at bar.

On the 21st day of June, 1940, the plaintiff, acting through its representative, one W. A. Meckling, entered into an agreement with the defendant Sooner Beverage Company, for whom the defendant F. Leonard Sibel acted, whereby the defendant corporation was to be exclusive distributor for products of the plaintiff corporation in Oklahoma county, Okla., and certain adjacent territory. The product of the plaintiff corp-

oration, consisting of beer, was to be sold to the defendant on open account. Collections were to be made on the account by one Jerry Esau as the beer was sold. A written memorandum of the contract was executed in Oklahoma for the corporations by their respective agents.

For the purpose of procuring the extension of credit on open account to the Sooner Beverage Company, the defendant F. Leonard Sibel personally guaranteed the payment of such account, executing his written contract of guaranty for that purpose.

At the time the Sooner Beverage Company became the distributing agency for the product of the plaintiff corporation, it took over from former distributors supplies in the hands of such former distributors and belonging to them. Plaintiff company accepted the credit of the Sooner Beverage Company and F. Leonard Sibel for such stocks in lieu of the credit of former distributors, and thereafter pursuant to its agreement shipped other beer to the Sooner Beverage Company from La Crosse, Wis., f.o.b. La Crosse.

Collections were made in Oklahoma on the account by Jerry Esau, a representative of the plaintiff corporation, who also engaged in activities intended to build good will for plaintiff's product and thus promote and increase its sale in Oklahoma.

The plaintiff, however, did not maintain a warehouse or place of business in this state. It owned no merchandise in storage here and made no sales other than of the type above indicated. The fact that the plaintiff had a representative in Oklahoma who made the initial agreement pursuant to which the beer was shipped in interstate commerce from La Crosse, Wis., and another who promoted good will and made collections in the state, did not characterize its activities as doing business in this state independent of interstate commerce in the sense that it would be deprived of the privilege of resorting to the courts of this state for a redress of its grievances.

Dunn v. Birmingham Stove & Range Co., 170 Okla. 393, 44 P. 2d 86; Chicago Crayon Corporation v. Rogers, 30 Okla. 299, 119 P. 630.

The transfers of beer from former distributors to the new distributor, defendant herein, if they did not constitute transactions between such distributors, as distinguished from transactions with the plaintiff within the state, may be regarded as isolated transactions and incidentally connected with interstate commerce. Such isolated or incidental transactions do not deprive an undomesticated foreign corporation of access to the courts of this state. Authorities cited, supra, and Metal Door & Trim Co. v. Hunt, 170 Okla. 240, 39 P. 2d 72.

Our attention has been called to Wills v. National Mineral Co., 176 Okla. 193, 55 P. 2d 449. There the question was whether the undomesticated foreign corporation could be sued in this state and service of process obtained on it. Here the question is whether such a corporation can maintain an action. The two questions are not the same, as was pointed out in the opinion in that case. We therein said in paragraph 1 of the syllabus:

"The character and quantity of business conducted within a state by an unlicensed foreign corporation may be sufficient to subject such corporation to process of the state courts and yet be insufficient to require it to become licensed before suing in the state courts."

And in the body of the opinion we stated:

"A great deal of confusion has been caused by failing to distinguish between cases where the question is the necessity of domesticating before bringing suit, and cases where the question is whether the foreign corporation is amenable to legal process. The standards are not the same, and the quality, character, and quantity of business conducted within the state may be sufficient to subject a foreign corporation to process and yet be insufficient to require it to take out a license. . . . "

The Wills Case is therefore not in

point in the case at bar and will not be analyzed herein.

Upon consideration of the foregoing authorities and other authorities cited in the briefs, we are of the opinion, and hold, that the business transactions of the plaintiff in this state were connected with and incidental to interstate commerce and were not of such a nature as to deprive it of access to the courts of this state. No error was committed by the trial court in so holding.

It is next contended that plaintiff should have and did not pay the intangible tax imposed upon accounts in this state. Defendant concedes, however, that if the account here involved was identified with interstate commerce the payment of the intangible tax thereon was not required, under our holding in Holloway Material & Supply Co. v. Perfection Oak Flooring Co., 191 Okla. 350, 130 P. 2d 296. Since we have already so classified the account, further discussion of the point is unnecessary.

Defendant's remaining contention is that:

"The court erred in permitting the introduction of the testimony which is referred to as exhibit 5."

In presenting this proposition and explanation thereof defendants say:

"It appears that Exhibit 5 was identified as part of the deposition of Roy Kumm. Nowhere in that deposition was the exhibit offered. At the trial, counsel for the plaintiff, when that part of the deposition identifying Exhibit 5 was read, offered the exhibit. Objection was made by defendants' counsel who, stated that the exhibit was not offered in the deposition and was not attached to the deposition at the time of the taking. The court overruled this objection. This objection was repeated in the motion for new trial and is one of the assignments of error. Frankly, counsel for the plaintiffs in error have been unable to find any authority squarely on this point. In a trial where the witnesses are present, a delay in offering an exhibit identified by a witness, is not particularly objectionable, but where a deposition is being taken and the witness is not available at the trial to re-identify the exhibit, another situation is presented. . . ."

An examination of the record fails to reflect any indication of change or alteration, in the exhibit between its identification and its offer and admission in evidence.

The objection made to the admission of the exhibit in the trial court by counsel for the defendants did not question its identity as the exhibit which was before the witness when the deposition was taken. Such objection merely challenged the manner in which the exhibit was transmitted to the trial court. The error, if any, in the manner of handling the exhibit was harmless if the exhibit was in the same condition when presented at the trial as it was when examined by the witness at the time the deposition was taken. If it was not in the same condition or if any suspicion existed that it was not in the same condition, the point should have been raised by counsel at the trial. (As to methods used—transmitting exhibits to depositions, see 16 Am. Jur. 724.)

The objection as made by counsel in the trial court does not preserve for review a question which could embrace prejudical error.

The rulings and decision of the trial court are free from substantial error, and its judgment is affirmed.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, and ARNOLD, JJ., concur.