INDUSTRIAL COMMISSION v. KEMMERER COAL CO.

No. 6650. Decided August 1, 1944. (370 P. 2d, 373)

See 20 C. J. S. Corporations, Sec. 1904. Solicitation within state (or District of Columbia) of orders for goods to be shipped from

[1] *Bristol* v. *Brent*, 38 Utah 58, 110 P. 356.

GROVER A. GILES, Atty. Gen., and ZAR E. HAYES, A. U. MINER, and ARTHUR H. NIELSON, Asst. Attys. Gen., for plaintiff.

M. E. WILSON, of Salt Lake City, for defendant.

WADE, Justice.

The Industrial Commission of Utah, the plaintiff herein, is seeking to obtain a writ of mandamus from this court to compel the defendant, the Kemmerer Coal Co., a Wyoming corporation, to secure payment of compensation for three of its employees who reside in Utah.

The defendant has made a special appearance and has moved this court to quash the service of the alternative writ of mandate issued by it. The defendant contends that it is a foreign corporation and is not authorized to do business in this state and therefore is not amenable to process here.

The defendant's affidavits in support of its motion to quash the service of process state that it is incorporated under the laws of the state of Wyoming and is a resident and citizen of that state; that under its charter it cannot carry on business in any other state than Wyoming; that it maintains an office in a building in Salt Lake City, Utah, for the convenience of its sales force, which at present consists of three men who reside in Utah; that the name of the defendant is painted on the door of the office and is listed on the directory of the building and in the telephone directory. All the expenses of the office are paid by defend-

ant and the furniture therein is owned by defendant. It also owns three automobiles which are used by its employees in this state.

The summons was served on one L. M. Pratt, Jr., one of the employees of defendant who resided and worked in Utah. Mr. Pratt worked under the immediate supervision of one R. A. Davis, who is the Division Soliciting Sales Manager of the defendant and also is employed and resides in Utah. These employees solicited persons in Utah and Northwestern states to buy coal from the defendant. All orders received by them were subject to confirmation at the home office in Wyoming. No contracts were entered into in Utah and the coal was shipped f. o. b. railroad cars in Wyoming. The defendant maintained the office in Salt Lake City both for the convenience of its employees and so that they might keep it informed of business opportunities.

The question of the amenability of a foreign corporation to process of the courts in states other than its domicile depends upon the statute and the facts in each particular case. Before a foreign corporation can be amenable to personal service of legal process of another state without its consent, it must be present and doing business therein. *Bank of America* v. *Whitney Central Nat'l Bank*, 261 U. S. 171, 43 S. Ct. 311, 67 L. Ed. 594; *Wells Fargo & Co.* v. *McArthur Bros. Mercantile Co.*, 42 Ariz. 405, 26 P. 2d 1021; *Philadelphia & R. Ry. Co.* v. *McKibbin*, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710; *West Publishing Co.* v. *Superior Court*, 20 Cal. 2d 720, 128 P. 2d 777.

What is considered "doing business" by a foreign corporation so as to make it present within the state for the purpose of serving process upon it also depends upon the facts and the statute in each particular case. The case of *Green* v. *Chicago, B. & Q. Ry. Co.*, 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, is often cited as one of the leading cases holding that solicitation of business by agents of a foreign corporation does not constitute "doing business." This case involved the interpretation of a Federal statute and the court expressly indicated that under some state statutes this might not

be true. From a reading of the later cases it would appear that very little more than mere solicitation is necessary to constitute "doing business" by a foreign corporation in a state other than its domicile to subject it to the jurisdiction of its courts. See *Tauza* v. *Susquehanna Coal Co.*, 220 N. Y. 259, 115 N. E. 915; *American Asphalt Roof Corp.* v. *Shankland*, 205 Iowa 862, 219 N. W. 28, 60 A. L. R. 986 and note (b) commencing on page 1034; *International Shoe Co.* v. *Lovejoy*, 219 Iowa 204, 257 N. W. 576, 101 A. L. R. 122 and note commencing on page 139; *Frene* v. *Louisville Cement Co.*, 77 U. S. App. D. C. 129, 134 F. 2d 511, 514, 146 A. L. R. 926, in which case the court in analyzing the modern trend of courts in determining what constitutes "doing business" by a foreign corporation for the purpose of being amenable to the service of process, said:

"The tradition has grown that personal jurisdiction of a foreign corporation cannot be acquired when the only basis is 'mere solicitation' of business within the borders of the forum's sovereignty. And this is true, whether the solicitation is only casual or occasional or is regular, continuous and long continued.

"The tradition crystallized when it was thought that nothing less than concluding contracts could constitute 'doing business' by foreign corporations, an idea now well exploded. It is now recognized that maintaining many kinds of regular business activity constitutes 'doing business' in the jurisdictional sense, notwithstanding they do not involve concluding contracts. In other words, the fundamental principle underlying the 'doing business' concept seems to be the maintenance within the jurisdiction of a regular, continuous course of business activities, whether or not this includes the final stage of contracting. Consequently it is clear that if, in addition to a regular course of solicitation, other business activities are carried on, such as maintaining a warehouse, making deliveries, etc., the corporation is 'present' for jurisdictional purposes. *And very little more than 'mere solicitation' is required to bring about this result.*" (Italics ours.)

See also *Marchant* v. *Nat'l. Reserve Co. of America*, 103 Utah 530, 137 P. 2d 331.

In the instant case the defendant maintains an office in this state at its own expense for the convenience of its resident agents who solicit business for it here and also that

these agents may be in a position to furnish it reports of any business opportunities which might become available here. Its name is listed in the telephone directory, the building directory in which it maintains this office and also on the door of the office. It makes a regular and continuous attempt to solicit sales of its coal to consumers in Utah through these employees. In *Bristol* v. *Brent*, 38 Utah 58, 110 P. 356, 358, we held in interpreting Compiled Laws of Utah 1907, Sec. 2948, now Sec. 104-5-11, U. C. A. 1943, that service on a commercial agent of a foreign corporation which maintained an office here was valid. The agent upon whom process was served solicited freight from merchants and looked after the passenger business. No bills of lading, receipts or shipping bills were executed by him. He executed nothing but routing orders. Said section reads as follows:

"The summons must be served by delivering a copy thereof as follows:

"(5) * * * If the defendant is a foreign corporation * * * to the president, secretary, treasurer or other officer thereof, or to the person designated by such corporation, * * * as one upon whom process may be served. If no such person can be found within the state, then upon any clerk, superintendent, general agent, cashier, principal director, ticket agent, station keeper, managing agent or other agent having the management, direction or control of any property of such corporation, * * *. If there is none of such persons within the state, and the defendant *has* or *advertises* or *holds itself out as having an office* or place of business in this state * * *, then upon the person doing such business or in charge of such office or place of business." (Italics ours.)

This court, in holding that under our statute maintenance of an office by a foreign corporation for its solicitors subjects it to service of process, said:

"It seems to us that some of the courts have been impressed too much with the rule existing at common law, namely, that a corporation cannot migrate and hence is to be served with legal process only at the place where it is created, and hence these courts have placed rather a strict construction upon statutes by which the power to serve

legal process on foreign corporations is given. It is self-evident that a corporation can act and be acted upon only through its agents. If thus notice of any kind or character is to be brought home to the corporation, it must be done by notifying one of its accredited agents. The character of such agent and the manner of making service of legal process upon a foreign corporation must, to a large extent at least, be left to the sound discretion of the legislative power. So long as notice to corporations amounts to due process of law, the mere manner of service or the agent upon whom service is made is not of controlling importance. The only legal question really involved is whether the agent upon whom service is made is one who is directly connected with the corporate affairs, or is conducting some of the corporate business of the corporation, so that through him the corporation is legally represented. If such be the case, we cannot see that the nature or the amount of business that an agent transacts in a foreign state is of great importance. * * *"

The facts in the case at bar are similar to those in the case of *Bristol* v. *Brent,* supra, and we therefore hold that the defendant is present in this state and doing business herein within the purport of our statute providing for service of summons or process. It is not necessary and we do not decide whether or not the facts would be sufficient to require defendant to comply with the laws of Utah as to foreign corporations.

Defendant further contends that the service of summons was invalid because it was served on one Pratt, who is an employee of defendant's but is not the person in charge of the office maintained here, one Davis being the supervising agent in Utah for defendant. This objection is well taken. Our statute requires that in the event certain named officers or employees of the corporation cannot be found then service be "upon the person doing such business, or in charge of such office or place of business." It is clear that the proper person was not served with process. It is not only necessary that a foreign corporation be doing business within a state other than its domicile in order to be amenable to its process without the consent of the corporation, but it is also necessary that the process be served upon some authorized agent if the service of

process be valid. See *Bristol* v. *Brent,* supra; *Philadelphia & Reading Ry. Co.* v. *McKibbin,* supra.

The motion to quash the service of the alternative writ of mandate is therefore hereby granted.

WOLFE, C. J. and LARSON and McDONOUGH, JJ., concur.

TURNER, J., concurs in the result.