McGRIFF v. CHARLES ANTELL, Inc. et al.

No. 7879.   Decided May 4, 1953.   (256 P. 2d 703.)

See 20 C. J. S., Corporations, sec. 1834. Solicitation as constituting business within state. 23 Am. Jur., Foreign Corporations, sec. 376; 146 A. L. R. 941.

*Pugsley, Hayes & Rampton,* Salt Lake City, for appellant.

*Rich & Strong,* Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from an order quashing service of process. Affirmed. Costs on appeal to defendant.

Plaintiff alleges injuries from use of defendant's hair application. She served process on a local television station's manager on the assumption that he or the station from which defendant, a foreign corporation, purchased advertising time, was either doing the business of or was in charge of defendant's office or place of business in Utah, within the meaning of that portion of Rule 4(e) (4), Rules

of Civil Procedure, relating to service of process on foreign corporations doing business in the state.[1]

Defendant paid the local station for time to advertise its product. At the end of its program, a spokesman for the company invited televiewers to place orders by phoning a number flashed on the screen, that of the television station, where such calls were received and the information obtained mailed to the company in Maryland, without any additional charge other than the regular advertising fee. Plaintiff responded to the invitation and in due course received defendant's product by mail from Maryland, C.O.D.

Plaintiff urges that defendant was (1) doing business in Utah, (2) the television station was its office and (3) service on the station's manager brought defendant within the jurisdiction of our courts. We cannot agree that defendant was doing business in the sense that subjected it, as a foreign corporation, to such jurisdiction.

To prove plaintiff's contention, her attorney's secretary testified that she frequently had seen defendant's television program, that its spokesman gave a fine talk, suggesting that if he had convinced his listeners that defendant's product would do what he said it would do, they should call the number which would be flashed on the screen,—that of the television station. She further stated that after plaintiff had sought the advice of her lawyer-employer, and at the latter's request, she called the television station. In testimony of questionable admissibility, she then asserted that in response to her call a lady answered, who, when asked where the product could be ordered, replied that it would have to be ordered through the television station

---

[1]Rule 4(e) (4). "Upon any corporation, not herein otherwise provided for * * *. If no such officer or agent can be found in the state, and the defendant has, or advertises or holds itself out as having, an office or place of business in this state, or does business in this state, then upon the person doing such business or in charge of such office or place of business."

by name and address, whence the company would send it C.O.D. Upon being asked if there were any place in the city where the product could be bought directly from the company, the lady at the station stated that the company "had no one here who sold it"; that the only way it could be obtained was by order through the station and the company would send it, probably with some literature, and that if something else were desired it could be obtained directly from the company. A second phone call produced substantially the same response.

Plaintiff leans heavily on *Industrial Commission* v. *Kemmerer Coal Co.*, 1944, 106 Utah 476, 150 P.2d 373, to support her contention that defendant was "doing business" in Utah, and was subject to our jurisdiction. In that case, decided on the ground that process had been served on the wrong person, as to the matter of "doing business", this court quoted language from *Frene* v. *Louisville Cement Co.*, 77 U.S.App.D.C. 129, 134 F.2d 511, 515, 146 A.L.R. 926, that "very little more than 'mere solicitation' is required" to constitute doing business in the jurisdictional sense. This language followed the statement that

"it is  *  *  *  clear that if, in addition to a regular course of solicitation, other business activities are carried on, such as maintaining a warehouse, making deliveries, etc., the corporation is 'present' for jurisdictional purposes."

The obvious difference between the Kemmerer case and this, and the reason it is not controlling here, are apparent when one recalls that the coal company maintained and paid for an office in a local building, had its name painted on the door, listed itself in the phone and building directories, owned furniture and fixtures, operated 3 automobiles here, and had 3 authorized resident agents seeking and doing its business locally,—factually quite dissimilar, and reflecting activities far beyond solicitation only.

In determining whether a foreign corporation is doing business in a state for jurisdictional purposes, each case

factually must be examined as it arises.[2] A hard and fast formula cannot determine algebraically every case. Common sense must dictate the result. The law, in our opinion, would be a faithless servant if today it demanded that solicitation of business in and of itself subjected a foreign corporation to the local forum. Of equal disservice to the common good would be a rule that solicitation of business by television, radio, the press or in periodicals,—with nothing more, clothed such medium of advertising with the raiment of a process agent. Such a rule would leave little to the imagination if a vendor sought orders through a newspaper box number, and thus submitted to the local jurisdiction and the mailman would acquire new stature as one doing the business of countless foreign corporations, and the one upon whom process might be served to bring his unknown foreign corporation principals within the jurisdiction of the state courts.

This is not to say that in a proper case solicitation plus something else, or use of radio plus something else, could not constitute doing business in the jurisdictional sense, or could not ascribe to such advertising medium the role of process agent under our rules. The test goes to the "something else." Somewhere a line is to be drawn and the courts judiciously must mark it. To date the pattern, which in a changing world is ever changing, excludes solicitation alone as justifying jurisdiction conferred. Beyond such solicitation the activity to confer jurisdiction must be of sufficient substance and of such scope and variety as would lead a court of last resort to conclude that immunization of the foreign corporation against the power of our forum would be unrealistic, unreasonable and a vehicle for oppressing or meting out injustice to our own local citizens. But to subject foreign corporations to our local jurisdiction without carefully

---

[2]*International Shoe Co.* v. *Washington,* 1945, 326 U. S. 310, 66 S. Ct. 154, 90 L. Ed. 95; Goodrich, Handbook of Conflicts of Laws (1949) p. 216.

weighing the facts, the practicalities and the relative burdens of the litigants, well might be inimical to our own welfare by wounding the very trade through whose veins courses the blood of our economy.

We think the instant case is one, the type of which does not and should not justify the imposition of our powers on a foreign corporation. We are not unmindful of the hardship and difficulty in requiring a local citizen sometimes to seek a foreign tribunal for redress, nor ∎ are we unmindful of the burdens to which a foreign corporation could be put were we too lightly to pit our jurisdiction against it. Our fundamental principles demand protection of the individual, but not unreasonably at the expense of others. The facts here, we believe, do not fit the authorities[3] cited by plaintiff's able counsel, but rather synchronize more nearly with the ratio decidendi of those presented by defendant's equally able counsel.[4]

McDONOUGH and CROCKETT, JJ., concur.

WOLFE, Chief Justice (concurring in the result).

I concur on the ground that solicitation of business interstate by a foreign corporation by electronic means, where the foreign corporation is not otherwise within this state when the solicitation is made, does not, without more, constitute having an office or place of business within this state, nor is it doing business in this state nor holding itself out as having an office or place of business in this

---

[3]*Industrial Commission* v. *Kemmerer Coal Co.*, 106 Utah 476, 150 P. 2d 373; *Dahl* v. *Collette*, 202 Minn. 544, 279 N. W. 561; *Williams* v. *Bruice's Juices, Inc.*, D. C., 35 F. Supp. 847; *Wabash R. R. Co.* v. *District Court*, 109 Utah 526, 167 P. 2d 973.

[4]*Parke, Davis & Co.* v. *Fifth Judicial District Court*, 93 Utah 217, 72 P. 2d 466; *Cannon* v. *Time, Inc.*, 4 Cir., 115 F. 2d 423; *Gloeser* v. *Dollar S. S. Lines*, 192 Minn. 376, 256 N. W. 666, 95 A. L. R. 1470; *Holloway Material & Supply Co.* v. *Perfection Oak Flooring Co.*, 191 Okl. 350, 130 P. 2d 296; *People's Tobacco Co.* v. *American Tobacco Co.*, 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587; *Junior Frocks, Inc.*, v. *District Court*, 105 Colo. 82, 94 P. 2d 694.

state, nor advertising as having such an office or place of business in this state. It seems to me that this disposes of the problem. Of course, if the soliciting corporation has offices within the state or otherwise does do business in the state, we have a problem different from that here presented.

WADE, Justice (concurring in the result).

Because the cases hold that merely advertising for orders to be sent to the office of an advertising medium within this state, to be forwarded to an out of state business concern is not doing business within this state I concur with the result. However, I do not entertain the misgivings expressed in the prevailing opinion that it would be a bad policy to allow a suit by a local resident against the out of state business firm involving claims arising out of such business. It seems to me that the fact that such out of state business firms cannot be sued within this state creates a definite hardship on the local residents.